*377 . OPINION.
Tuenbe :
The petitioner concedes the deficiency as determined by the respondent, but denies that any part thereof was due to fraud with intent to evade tax. The burden is accordingly on the respondent to prove fraud. The notice of deficiency did not state any basis for the determination of fraud. The allegations contained in the respondent’s answer to support his charge of fraud are little if any more revealing. They read as follows:
(a) Petitioner filed a Federal income tax return for the taxable year 1932 with the Collector of Internal Revenue for the District of Iowa on March 15, 1933, and showed no ordinary net income and no capital net gain, whereas his ordinary net loss was $1,450.25 and his capital net gain was $44,170.94.
(b) Petitioner, fraudulently and with intent to evade tax, failed to report the receipt of his capital net gain in the amount of $44,170.94.
(c) Respondent, for further facts in this case, refers to the deficiency letter, a copy of which is affixed to the petition, and the same is hereby adopted in this answer as fully as if incorporated herein.
*378 Apparently the respondent has treated the return of March 15, 1933, as the petitioner’s return herein and rests his claim of fraud upon the failure of the petitioner to disclose in that return the exchange of his interest in the Wilcox Building to his mother for securities, on which exchange it appears that petitioner realized a capital net gain in the amount of $44,170.94. Such a claim on the part of the respondent is clearly without merit. The petitioner’s letter definitely indicates that he did not regard the document filed on the return form on March 15, 1933, as a completed income tax return. He did not give any of the details with respect to items of income or deduction but concluded with statements clearly indicating that a further and complete return was contemplated. It is apparent that the petitioner was and is bitter and resentful over his lot in life, but that alone is not sufficient basis to charge him with fraud. It is true that the amended return in which he did attempt to disclose, so far as this record shows, all items of income and deduction was made, at the office of the collector of internal revenue in Cedar Rapids, upon a visit by petitioner at the request of the deputy collector. It further appears, however, that the petitioner had upon his return from Nevada in November preceding set about the preparation of the schedule showing all of the details concerning the exchange of his interest in the Wilcox Building for securities and the information shown on the amended return so filed was volunteered to the deputy collector by the petitioner. . The record contains nothing whatever to indicate that in making the amended return the petitioner did not offer and give full and complete cooperation to the deputy collector. We accordingly conclude that the respondent has failed to sustain his burden of showing fraud on the part of petitioner.
In the alternative, the respondent has pleaded in his answer that in the event this Board should find that the petitioner was not guilty of fraud, it should find that part of the deficiency was due to negligence or intentional disregard for rules and regulations and that our decision should include the appropriate penalty therefor. In our opinion the record amply shows intentional and more or less willful disregard of the requirements of the income tax statutes and regulations with respect to the time of filing returns and the keeping of the necessary records for properly reflecting income. The respondent is accordingly sustained in his request for the imposition of an appropriate penalty with respect thereto and our decision will include the penalty provided therefor in section 293 (a) of the Revenue Act of 1932; but the computation of said penalty shall be limited to the deficiency of $610.92, as determined by the respondent and agreed to by the petitioner.

Decision will be entered under Rule 50.